IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

DANIEL J. LEVITAN,
                Plaintiff,

vs.                                          Case No.: 3:04cv356/MCR/EMT

FEDERAL BUREAU OF PRISONS, et al.,
                Defendants.
_____/

## REPORT AND RECOMMENDATION

Plaintiff, proceeding pro se, initiated this action on September 11, 2003 by filing a civil rights complaint in the United States District Court for the District of Columbia (Doc. 1).[1]  On October 17, 2003 Plaintiff filed an amended complaint, pursuant to 42 U.S.C. § 1983 and Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971) (Doc. 3).  Pending are Plaintiff's Notice of Dismissal (Doc. 6),[2] requesting voluntary dismissal of this action without prejudice pursuant to FED.R.CIV.P. 41(a)(1), and motions to dismiss (Docs. 17, 24), filed by seven Defendants in two separate motions, which this Court construed as motions for summary judgment (see Doc. 5).[3]

I.      PROCEDURAL HISTORY

Named as Defendants in this action are the U.S. Department of Justice (DOJ); Attorney General John Ashcroft; the Office of the Inspector General (OIG); OIG Special Agent Claire Foley;

---

[1]The document numbers in this Report and Recommendation refer to the document numbers assigned by the clerk for the United States District Court for the District of Columbia unless otherwise noted.

[2]This document number refers to the docket number assigned by the clerk for the Northern District of Florida (NDFL).

[3]This document number refers to the docket number assigned by the NDFL.

the Federal Bureau of Prisons (BOP); BOP Director Harley Lappin; BOP Associate Warden D.R. Stephens of Pensacola FPC; BOP Special Investigations Supervisor Larry Cromer; Santa Rosa County, Florida Sheriff Wendall Hall and the Santa Rosa County, Florida Sheriff's Office (Hall); and Aramark Correctional Services, as agent of and food service provider for the Santa Rosa County Sheriff's Office and the BOP (Aramark).

On January 23, 2004, Defendant Hall filed a motion to dismiss in the United States District Court for the District of Columbia (Doc. 17).  On February 24, 2004, Defendants DOJ, BOP, OIG, Lappin, Stephens, and Foley (DOJ, et al.), collectively filed a motion to dismiss or alternatively to transfer venue from the District of Columbia to the Northern District of Florida (Doc. 24).  On May 26, 2004 United States District Judge Gladys Kessler granted both motions to dismiss (Doc. 33). On June 8, 2004, Defendant Cromer filed a motion to dismiss or alternatively transfer venue (Doc. 41).  Judge Kessler granted Defendant Cromer's motion to dismiss on July 21, 2004 (Doc. 51).  In the interim, on June 14, 2004, Plaintiff filed a motion to alter, amend, or reconsider the order of May 26, 2004 dismissing Defendants Hall and DOJ, et al., arguing he had not had an opportunity to respond to Defendants' motions (Doc. 42).  By order dated July 22, 2004, Judge Kessler granted Plaintiff's motion and ordered Plaintiff to respond to the motions to dismiss, stating "if Plaintiff does not respond to those two Motions by August 23, 2004, the court will dismiss Plaintiff's complaint" (Doc. 52).  Instead of responding to the motions, Plaintiff filed a motion to transfer jurisdiction to the Northern District of Florida on July 26, 2004 (Doc. 53), which was granted by Judge Kessler on August 11, 2004 (Doc. 58).  Judge Kessler took no further action on the motions to dismiss, even though Plaintiff failed to respond to her order.  The case was received by this Court on October 19, 2004 (*see* Doc. 1),[4] with only Defendant Cromer permanently dismissed from this action (*see* Docs. 51, 60).  Thus, the remaining Defendants are Hall and DOJ, et al., each with pending motions to dismiss (Docs. 17, 24), and Ashcroft and Aramark, who have yet to appear in this action.

The motions to dismiss filed by Hall and DOJ, et al. each assert as a defense to Plaintiff's claims, Plaintiff's failure to exhaust administrative remedies as required by the Prison Litigation

---

[4]This document number refers to the docket number assigned by the NDFL to the materials received from the District of Columbia.

Reform Act (PLRA), 42 U.S.C. § 1997e(a) (*see* Docs. 17 at 9-10, 24 at 8-10).  By order dated December 15, 2004 (Doc. 5),[5] this court notified the parties that Defendants' motions to dismiss would thereafter be construed as motions for summary judgment because the motions requested that the court consider materials outside the pleadings (*see* Doc. 24, Ex. 1, Declaration of Delaine Martin Hill) in considering whether Plaintiff exhausted his administrative remedies.  On January 18, 2005, Plaintiff filed a Notice of Dismissal (Doc. 6),[6] requesting voluntary dismissal of this action without prejudice pursuant to FED.R.CIV.P. 41(a)(1).

II.     ANALYSIS

Federal Rule of Civil Procedure 41(a)(1) provides that an action may be dismissed without an order of the court (i) by filing a notice of dismissal at any time before the adverse party serves an answer or a motion for summary judgment, or (ii) by filing a stipulation of dismissal signed by all parties who have appeared in the action.  Section (a)(2) provides that "[e]xcept as provided in [FED.R.CIV.P. 41(a)(1)], an action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper."

Although Defendants Ashcroft and Aramark have not yet served answers, the remaining Defendants have submitted motions to dismiss, construed as motions for summary judgment (*see* Doc. 5).[7]  Furthermore, no signed stipulation of dismissal has been filed.  Therefore, dismissal as a matter of right is not available pursuant to Rule 41 (a)(1).

Nonetheless, Plaintiff's request for voluntary dismissal may  be granted by order of the court pursuant to FED.R.CIV.P. 41(a)(2).  The relief sought by Defendants in their motions to dismiss, to the extent they seek dismissal based upon Plaintiff's failure to exhaust administrative remedies, would result in a dismissal without prejudice if granted.  This is essentially the same relief sought by Plaintiff in his motion to voluntarily dismiss.  Thus, it appears that all parties' interests would be best served if Plaintiff's request for voluntary dismissal was granted.

Accordingly, it is respectfully **RECOMMENDED**:

---

[5]This document number refers to the docket number assigned by the NDFL.

[6]This document number refers to the docket number assigned by the NDFL.

[7]sThis document number refers to the docket number assigned by the NDFL.

     1.     That Plaintiff's Notice of Dismissal (Doc. 6), construed as a motion to voluntarily dismiss this action, be **GRANTED**.

     2.     That Defendants' Motions to Dismiss (Docs. 17, 24) be **DENIED** as moot.

At Pensacola, Florida, this 31st day of March, 2005.


/s/ Elizabeth M. Timothy
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**


### **NOTICE TO THE PARTIES**

**Objections to these proposed findings and recommendations may be filed within ten (10) days after being served a copy thereof.  A copy of objections shall be served upon the magistrate judge and all other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; United States v. Roberts, 858 F.2d 698, 701 (11th Cir. 1988).**